UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES EDWARD JONES,

              Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS,
BERNIE WARNER, END OF
SENTENCE REVIEW COMMITTEE,
KIMBERLY ACKER and ANMARIE
AYLWARD,

              Defendants.

NO:  CV-13-075-RMP

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE

Before the Court is Plaintiff's First Amended Complaint, ECF No. 13. Plaintiff, a civil detainee at the Special Commitment Center in Steilacoom, Washington, is proceeding *pro se* and *in forma pauperis.*  He is challenging his referral and assignment as a sexually violent predator.  His civil commitment trial date is scheduled for January 6, 2014.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE --1

As previously admonished the only federal remedy for a detainee challenging a civil commitment is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005)("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement.").

In his First Amended Complaint Plaintiff focuses on a Program Manager for the End of Sentence Review Committee, Kimberly Acker, and a Chair of that same Committee, Anmarie Aylward, claiming they "regulated and instructed," and/or "participated in and submitted to[,] arbitrary actions which caused deprivation of plaintiff's liberty."   Apparently, they referred Plaintiff for "possible filing consideration as a Sexually Violent Predator under RCW 71.09" and for "civil commitment under RCW 71.09, Spokane County," in November and December 2012.

A finding that the presently named Defendants violated Plaintiff's substantive due process rights would necessarily invalidate his continuing confinement.  Plaintiff's complaint for damages is precluded under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), until the civil commitment has been invalidated. *See Huftile*, 410 F.3d at 1140.  Plaintiff has shown no such invalidation.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE --2

Mr. Jones has failed to cure the deficiencies of the initial complaint. In the absence of a cognizable federal claim, this Court has no authority to consider Plaintiff's state law claims. Therefore, **IT IS ORDERED** the First Amended Complaint, ECF No. 13, is **DISMISSED without prejudice** to pursuing an appropriate state court or federal habeas remedy. If Plaintiff wishes to challenge the conditions of his present confinement, he may file a separate action in the Western District of Washington.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 27th day of August 2013.


          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Chief United States District Court Judge

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE --3